DETERMINED IN THE

# FOURTH DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1909.

---

Mary Sargent, Appellee, v. John B. Maxwell, Administrator, Appellant.

WITNESSES—*who incompetent by virtue of interest.* A party having a pecuniary interest in the result of a controversy with an administrator, is incompetent in his own behalf.

Objections to administrator's report. Appeal from the Cricuit Court of Wabash county; the Hon. J. R. CREIGHTON, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed June 15, 1909. Rehearing denied October 28, 1909.

E. B. GREEN, THEODORE G. RISLEY and P. J. KOLB, for appellant.

GEORGE P. RAMSEY, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This is an appeal from an order of the Circuit Court directing the appellant, administrator of the estate of Marshall Sargent, deceased, to pay to the widow of the deceased $126.40, the balance found to be due the estate upon final report and accounting by the appellant as administrator. From the inventory on file the

only property of value owned by Marshall Sargent at the time of his death was a policy of insurance issued by the Continental Casualty Company, which policy the appellant claims to have been pledged to him as security for the payment of a debt which has not been paid. Suit was brought by appellant, as administrator, against the insurance company and in that action he recovered judgment and collected the sum of $215.05. In his report to the County Court, as administrator on final accounting, appellant charges himself with $215.05, collected from the insurance company, and claims credit by items of expenditure (not contested), amounting to $88.65, which would leave a balance of $126.40, the sum ordered by the court to be turned over to the widow on her award of $760. In his report appellant claims the further credit of $112.30, being the amount of his bill for which he insists that the insurance policy was pledged to him as security. It is to this claim that the widow files objections which the court sustained.

Throughout the administration the policy of insurance was treated by the administrator as assets of the estate, subject to the payment of appellant's claim against Sargent for services rendered. Action was brought against the insurance company and judgment was recovered by the appellant, *as administrator,* and the proceeds were received for and on behalf of the estate. The appointment of the administrator and proceedings thereafter by appellant were to foreclose and realize upon a pledge which he claims to have been made by Sargent in his lifetime. The controversy is, therefore, between appellant and the estate as to appellant's alleged lien and the amount of his claim. It was within the equitable jurisdiction of the Probate Court to which appellant voluntarily submitted for the adjudication of his rights. In such controversy he could not act in the double capacity of administrator and claimant, nor could he, as administrator, arbitrarily allow himself, as claimant, the amount

of his own bill against the estate. It is, and was, con-
ceded all the way through the administration, that the
policy of insurance was property belonging to the es-
tate. Administration proceedings were instituted, as
we understand the record, on petition of appellant,
and for the very purpose of securing to the estate of
Marshall Sargent the proceeds of this policy; and so
far as the actual possession of the policy is concerned,
the legal effect of what was done, would be to charge
appellant, as administrator, with the possession of the
policy and with the proceeds realized on judgment re-
covered. In this condition of the record, it devolved
upon appellant to establish his lien and his claim by
competent evidence, which he did not do. As already
indicated, it is not a controversy between appellant
and the widow, but one between appellant in his indi-
vidual capacity and the appellant in his adminis-
trative capacity, representing the estate, the order of
the court being in effect that appellant, the administra-
tor, has a balance in hand on final accounting to which
appellee, the widow, is entitled on distribution.
Clearly under the statute he was not a competent wit-
ness in his own behalf, and had a temporary adminis-
trator been appointed to represent the estate, as re-
quired by law in such case, he could not properly have
been permitted to testify. He filed no claim and
proved no claim against the estate and was not, there-
fore, entitled to the credit or deduction of $112.30, the
claimed balance due him on account. In answer to ap-
pellant's contention that possession of personal prop-
erty is evidence of ownership, it is to be said that the
presumption of ownership from possession would not
avail in this case for the reason that on its face the
policy of insurance was the property of Marshall Sar-
gent, being, by its terms, payable to him, and never
having been assigned. In such case, and in this species
of property, the mere possession does not give rise to
the presumption of ownership. Without the testi-

mony of appellant there is no evidence that his posses-
sion was other than as administrator.

Upon the record presented we are of opinion that
the Circuit Court did not err in its rulings and that
under the evidence the judgment must be affirmed.

*Affirmed.*